# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. UNITED STATES OF AMERICA,    )<br>    )<br>  Plaintiff,    )<br>    )<br>v.    )    Case No. CIV-19-336-G<br>    )<br>1. LAFORGE & BUDD CONSTRUCTION   )    JURY DEMANDED<br>  COMPANY, INC.   )<br>    )<br>  Defendant.   ) | |

## COMPLAINT

For its Complaint, the United States of America alleges:

## JURISDICTION AND VENUE

1. This action arises under the False Claims Act, breach of contract and the common law and equitable theories of recoupment, payment by mistake and unjust enrichment.

2. This Court has jurisdiction pursuant to the False Claims Act, 31 U.S.C. § 3732 and 28 U.S.C. §§ 1331 and 1345.

3. Venue is proper in the Western District of Oklahoma under 28 U.S.C. §§ 1391(b) and 1395, and 31 U.S.C. § 3732.  A substantial part of the transactions, events, or omissions giving rise to the United States' claims occurred in the Western District of Oklahoma, and also involves conduct proscribed by the False Claims Act.

## THE PARTIES

4. Plaintiff is the United States.

5. Defendant is LaForge & Budd Construction Company, Inc., which is a Kansas for-profit corporation with its principal place of business in Parsons, Kansas.

## THE FALSE CLAIMS ACT

6. The False Claims Act ("FCA") provides that any person who knowingly presents, or causes to be presented, a false or fraudulent claim to the United States for payment or approval is liable to the United States for a civil penalty for each false or fraudulent claim, plus three times the amount of damages the Government sustains. 31 U.S.C. § 3729(a)(1)(A).

7. The FCA provides that any person who knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim, is liable to the United States for a civil penalty for each false or fraudulent claim, plus three times the amount of damages the Government sustains. 31 U.S.C. § 3729(a)(1)(B).

8. "Knowing" and "knowingly" mean that a person, with respect to information, (1) has actual knowledge of the information; (2) acts in deliberate ignorance of the truth or falsity of the information; or (3) acts in reckless disregard of the truth or falsity of the information, and no proof of specific intent to defraud is necessary. 31 U.S.C. § 3729(b)(1).

## LAKE GEORGE DAM

9. Fort Sill, Oklahoma, is a United States Army post north of Lawton, Oklahoma.

10. Lake George is located on Fort Sill's east range and was created by the placement of a dam (the "Dam") on the Wrattan Creek Basin. Lake George and the Dam are owned by the United States Army.

11. Federal regulations mandated that the Dam pass 100% of a probable maximum flood ("PMF") without failure. In 2009, the Army Corp of Engineers determined that the Dam could only pass 17% of the PMF.

12. In 2009, the American Recovery and Reinvestment Act of 2009 ("ARRA") was signed into law. It contained an economic stimulus package which provided federal funding in part for infrastructure projects.

13. On March 16, 2010, the United States Army Corp of Engineers awarded Contract No. W912BV-10-C-2018 ("Contract"), to Defendant. The Contract was for $2,742,385.00, and was funded by the ARRA.

14. The Contract required Defendant perform the work in accordance with the plans and specifications provided in the Contract documents. The scope of work included fill placement on the embankment of the Dam, excavation of an uncontrolled spillway, rip rap placement, grouting of the outlet conduit, and granular filter diaphragm placement.

15. More specifically, the Contract required Defendant raise the elevation of the embankment of the Dam from elevation 1153 to elevation 1165 feet.

16. The Contract required Defendant directly to supervise the work done under the Contract, and have a superintendent on the worksite to supervise the work performed under the Contract. The project superintendent was to maintain a physical presence at the worksite at all times.

17. Under the Contract, Defendant was prohibited from building upon or concealing non-conforming work under the Contract.

18. The Contract required Defendant to maintain an inspection system and perform inspections to ensure that the work performed under the Contract conformed to the Contract requirements.

19. Under the Contract, Defendant warranted that the work performed would conform to the Contract requirements.

20. The Contract also required Defendant to transport any material considered not suitable for fill to the Fort Sill landfill.

21. Pursuant to the Contract, satisfactory materials suitable for the embankment fill included materials classified by ASTM D 2487 as GW, GP, GM, GP-GM, GW-GM, GC, GP-GC, GM-GC, SW, SP, SM, SW-SM, SC, SW-SC, SP-SM, SP-SC, CL, CL-ML, and CH. Satisfactory materials for grading comprise stones of less than 3 inches.

22. Pursuant to the Contract, unsatisfactory materials for the embankment fill were defined as materials that do not comply with the requirements for satisfactory materials. Unsatisfactory materials were further defined to include man-made fills, trash, refuse,

backfills from previous construction, and material classified as satisfactory which contains root and other organic matter or frozen material.

23. Under the Contract, Defendant was required to excavate and remove from the embankment any material which the government Contracting Officer considered objectionable and dispose of such material as directed.

24. The placement of material within the embankment of the Dam was to be accomplished by spreading the materials in horizontal layers. At all times during the spreading of the materials, Defendant was required to maintain a workforce adequate to remove and properly dispose of all roots and debris from all embankment materials. Stones greater than six inches in maximum dimension were also to be removed and placed in the outer slopes of the fill.

25. The requirement that satisfactory materials only be placed within the embankment of the Dam was a material term of the Contract because placing unsatisfactory materials within the embankment of the Dam increases the risk of dam failure and flooding.

## DEFENDANTS' FALSE STATEMENTS

26. In June 2010, Defendant began work under the Contract. Despite the Contract requirements, Defendant knowingly placed unsatisfactory materials within the embankment of the Dam. For example, Defendant placed unsatisfactory materials such as pieces of concrete, concrete rubble and metal rebar within the embankment of the dam.

27. The Contract allowed Defendant to submit a claim for payment, entitled Prompt Payment Certification and Supporting Data for Contractor Payment Invoice ("Payment Certification"), as the work on the Dam progressed. Along with each request for a progress payment, Defendant was required to certify that the amounts requested were only for performance in accordance with the specifications, terms, and conditions of the Contract.

28. On July 29, 2010, Defendant submitted a Payment Certification in the amount of $200,293.25 ("False Claim No. 1") for work performed during the period covered by the Payment Certification. In False Claim No. 1, Defendant certified that 19% of the impervious fill on the embankment of the Dam was placed, and requested payment of $30,981.25 for this work. Defendant also certified that the amount requested was only for performance in accordance with the specifications, terms, and conditions of the Contract.

29. False Claim No. 1 was false or fraudulent in that Defendant knowingly represented that the work was done in accordance with the terms of the Contract when in fact unsatisfactory materials such as pieces of concrete, concrete rubble and metal rebar were placed within the embankment of the Dam.

30. The United States did not know Defendant placed unsatisfactory materials such as pieces of concrete, concrete rubble and metal rebar within the embankment of the Dam, and paid Defendant the amount requested in False Claim No. 1. The United States

would not have paid False Claim No. 1 had it known unsatisfactory materials were placed within the embankment of the Dam.

31. On August 30, 2010, Defendant submitted a Payment Certification in the amount of $410,547.00 ("False Claim No. 2") for work performed during the period covered by the Payment Certification. In False Claim No. 2, Defendant certified that 85% of the impervious fill on the embankment of the Dam was placed, and requested payment of $111,075.00 for the work done since the last progress payment. Defendant also certified that the amount requested was only for performance in accordance with the specifications, terms, and conditions of the Contract.

32. False Claim No. 2 was false or fraudulent in that Defendant knowingly represented that the work was done in accordance with the terms of the Contract when in fact unsatisfactory materials such as pieces of concrete, concrete rubble and metal rebar were placed within the embankment of the Dam.

33. The United States did not know Defendant placed unsatisfactory materials such as pieces of concrete, concrete rubble and metal rebar within the embankment of the Dam, and paid Defendant the amount requested in False Claim No. 2. The United States would not have paid False Claim No. 2 had it known unsatisfactory materials were placed within the embankment of the Dam.

34. On October 6, 2010, Defendant submitted a Payment Certification in the amount of $467,132.30 ("False Claim No. 3") for work performed during the period covered by the Payment Certification. In False Claim No. 3, Defendant certified that 99% of the

impervious fill on the embankment of the Dam was placed, and requested payment of $23,397.50 for the work done since the last progress payment. Defendant also certified that the amount requested was only for performance in accordance with the specifications, terms, and conditions of the Contract.

35. False Claim No. 3 was false or fraudulent in that Defendant knowingly represented that the work was done in accordance with the terms of the Contract when in fact unsatisfactory materials such as pieces of concrete, concrete rubble and metal rebar were placed within the embankment of the Dam.

36. The United States did not know Defendant placed unsatisfactory materials such as pieces of concrete, concrete rubble and metal rebar within the embankment of the Dam, and paid Defendant the amount requested in False Claim No. 3. The United States would not have paid False Claim No. 3 had it known unsatisfactory materials were placed within the embankment of the Dam.

37. For purposes of getting payment or approval, Defendant knowingly presented and/or caused to be presented to the United States the above False Claims for payment which falsely represented that the work done on the embankment of the Dam was in compliance with the terms of the Contract. The False Claims also implied that the fill placed on the embankment of the Dam only included satisfactory materials, and that the fill placed on the embankment of the Dam did not include unsatisfactory materials.

38. Defendant knowingly made, used, or caused to be made or used, false or fraudulent records or statements material to the False Claims. The false or fraudulent

records or statements were contained within the False Claims and falsely or fraudulently represented and implied that the fill placed on the Dam was in compliance with the terms of the Contract, only included satisfactory materials, and did not include unsatisfactory materials.

39. The false or fraudulent records or statements by Defendant were material to the False Claims in that they had a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property. The United States would not have paid the False Claims had it known Defendant had placed unsatisfactory materials in the embankment of the Dam.

40. The United States paid Defendant's False Claims, and as a result, the United States has been damaged.

41. Each false or fraudulent claim for payment is a violation of the False Claims Act, 31 U.S.C. § 3729.

## COUNT I
## FALSE/FRAUDULENT CLAIMS

42. The United States incorporates the above allegations from paragraphs 1 through 41.

43. This is a claim for treble damages and monetary penalties for violations of 31 U.S.C. § 3729(a)(1)(A).

44. Defendant knowingly presented or caused to be presented false or fraudulent claims for payment to the United States.

45. By virtue of the false or fraudulent claims presented or caused to be presented by Defendant, the United States is entitled to three times the amount by which it was damaged, plus a civil penalty for each false claim Defendant presented or caused to be presented.

## COUNT II
## FALSE RECORDS/STATEMENTS

46. The United States incorporates the above allegations from paragraphs 1 through 45.

47. This is a claim for treble damages and monetary penalties for violations of 31 U.S.C. § 3729(a)(1)(B).

48. By reason of the foregoing, Defendant knowingly made, used, or caused to be made or used, false records or statements material to false or fraudulent claims.

49. The false records or statements made, used, or caused to be made or used, were material to the claims because they had a natural tendency and were capable of influencing payment by the United States.

50. The claims were paid and, as a result, the United States has incurred damages.

51. Pursuant to the False Claims Act, 31 U.S.C. § 3729(a)(1), Defendant is liable to the United States for a civil penalty for each false or fraudulent claim, plus three (3) times the amount of damages sustained by the United States due to Defendant's actions.

## COUNT III
## BREACH OF CONTRACT

52. The United States incorporates the above allegations from paragraphs 1 through 51.

53. The United States and Defendant entered into the Contract.

54. Under the terms of the Contract, Defendant was only permitted to place satisfactory materials, and could not place unsatisfactory materials, within the embankment of the Dam.

55. The type of materials that could be placed within the embankment of the Dam was a material term of the Contract.

56. Defendant breached the Contract by placing unsatisfactory materials within the embankment of the Dam.

57. As a result of Defendant's breach of the Contract, the United States has suffered damages.

## COUNT IV
## COMMON LAW RECOUPMENT

58. The United States incorporates the above allegations from paragraphs 1 through 57.

59. This is a claim for common law recoupment for the recovery of funds received by Defendant to which it was not entitled due to placing unsatisfactory materials within the embankment of the Dam.

60. Defendant is liable under the common law of recoupment to account for and return such amounts.

## COUNT V
## PAYMENT BY MISTAKE

61. The United States incorporates the above allegations from paragraphs 1 through 60.

62. This is a claim for payment by mistake for the recovery of funds paid by the United States under the mistaken belief that Defendant had complied with the terms of the Contract and had only placed satisfactory materials within the embankment of the Dam.

63. Defendant is liable to the United States under the common law of payment by mistake to account for and return such amounts.

## COUNT VI
## UNJUST ENRICHMENT

64. The United States incorporates the above allegations from paragraphs 1 through 63.

65. Defendant was unjustly enriched by obtaining and retaining funds to which it was not entitled due to placing unsatisfactory materials within the embankment of the Dam.

66. Defendant's enrichment resulted in a loss of funds to the United States.

67. Defendant is liable to the United States in an amount equal to the amount by which Defendant was unjustly enriched.

## **PRAYER FOR RELIEF**

WHEREFORE, the United States of America demands and prays that judgment be entered in favor of the United States and against Defendant as follows:

A.   On Count I (False/Fraudulent Claims), for treble the amount of damages sustained by the United States and for a civil penalty for each false or fraudulent claim, plus post-judgment interest and costs.

B.   On Count II (False Records/Statements), for treble the amount of damages sustained by the United States and for a civil penalty for each false or fraudulent claim, plus post-judgment interest and costs.

C.   On Count III (Breach of Contract), damages as a result of the Defendant's breach of contract.

D.   Count IV (Common Law Recoupment), for the return of funds received by Defendant as a result of receiving funds from the United States to which Defendant was not entitled, plus post-judgment interest and costs.

E.   Count V (Payment by Mistake), for the return of funds mistakenly paid by the United States to Defendant to which Defendant was not entitled, plus post-judgment interest and costs.

F.   Count VI (Unjust Enrichment), for the return of funds by which Defendant was unjustly enriched, plus post-judgment interest and costs.

G.   For such other relief as this Court deems just and equitable.

Respectfully submitted,
ROBERT J. TROESTER
First Assistant United States Attorney

*s/Ronald R. Gallegos*
RONALD R. GALLEGOS
Bar Number: 013227 AZ
DON EVANS
Bar Number: 20805 LA
Assistant United States Attorneys
United States Attorney's Office
210 Park Avenue, Suite 400
Oklahoma City, OK 73102
Telephone:  (405) 553-8700
Facsimile:   (405) 553-8885
Ron.Gallegos@usdoj.gov
Don.Evans@usdoj.gov

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
LaForge & Budd Construction Company, Inc.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Labette County, Kansas
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ronald R. Gallegos and Don Evans
U.S. Attorney's Office, 210 Park Ave., Suite 400, Oklahoma City, OK 73102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | [X] 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
False Claims Act, 31 U.S.C. §§ 3729-3733

Brief description of cause:
Defendant knowingly submitted or caused to be submitted false/fraudulent claims to the US

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**  _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 04/12/2019

SIGNATURE OF ATTORNEY OF RECORD
s/ Ronald R. Gallegos

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
   (b)  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
   (c)  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553   Brief Description: Unauthorized reception of cable service

VII.   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.