IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No.: CIV-19-336-G |
| LAFORGE & BUDD CONSTRUCTION COMPANY, INC. | |
| Defendant, | |

ANSWER

COMES NOW the Defendant, by and through counsel, and for its Answer to the Complaint in this matter, would state and show:

AFFIRMATIVE DEFENSES

For its affirmative defenses to the Complaint, the Defendant pleads:

Affirmative Defense One

The Complaint fails to state any cause of action upon which relief may be granted and must be dismissed pursuant to Federal Rule of Civil Procedure 12.

Affirmative Defense Two

The Defendant denies knowingly making any false representations.

## Affirmative Defense Three

The Defendant completed the contract work in substantial compliance with the contract plans and specifications.

## Affirmative Defense Four

The Plaintiff has not suffered actual damages.

## Affirmative Defense Five

The Plaintiff has failed to mitigate its damages, if any.

## GENERAL DENIAL

To the extent that any claim, assertion, averment, allegation, or representation in the Complaint not be specifically admitted by Defendant, it is to be deemed denied and strict proof of the same demanded.

## SPECIFIC ALLEGATIONS

In response to the specific averments of the Complaint, the Defendant pleads:

1. The allegations of Paragraph 1 of the Complaint are assertions of law which require no response by this Defendant. To the extent that a response be required, or should the Defendant in any way be prejudiced by lack of specific response, then and in that case the Defendant states that it lacks sufficient knowledge to form an opinion as to the allegations of Paragraph 1 and thus denies the same and demands strict proof thereof.

2. The allegations of Paragraph 2 of the Complaint are assertions of law which require no response by this Defendant. To the extent that a response be required, or should the Defendant in any way be prejudiced by lack of specific response, then and in that case the Defendant states that it lacks sufficient knowledge to form an opinion as to the allegations of Paragraph 2 and thus denies the same and demands strict proof thereof.

3. The allegations of Paragraph 3 of the Complaint are assertions of law which require no response by this Defendant. To the extent that a response be required, or should the Defendant in any way be prejudiced by lack of specific response, then and in that case the Defendant states that it lacks sufficient knowledge to form an opinion as to the allegations of Paragraph 3 and thus denies the same and demands strict proof thereof.

4. Admitted.

5. Admitted.

6. The allegations of Paragraph 6 of the Complaint are assertions of law which require no response by this Defendant. To the extent that a response be required, or should the Defendant in any way be prejudiced by lack of specific response, then and in that case the Defendant states that it lacks sufficient knowledge to form an opinion as to the allegations of Paragraph 6 and thus denies the same and demands strict proof thereof.

7. The allegations of Paragraph 7 of the Complaint are assertions of law which require no response by this Defendant. To the extent that a response be

required, or should the Defendant in any way be prejudiced by lack of specific response, then and in that case the Defendant states that it lacks sufficient knowledge to form an opinion as to the allegations of Paragraph 7 and thus denies the same and demands strict proof thereof.

8. The allegations of Paragraph 8 of the Complaint are assertions of law which require no response by this Defendant. To the extent that a response be required, or should the Defendant in any way be prejudiced by lack of specific response, then and in that case the Defendant states that it lacks sufficient knowledge to form an opinion as to the allegations of Paragraph 8 and thus denies the same and demands strict proof thereof.

9. Admitted.

10. Admitted upon information and belief.

11. The Defendant states that it lacks sufficient knowledge to form an opinion as to the allegations of Paragraph 11 and thus denies the same and demands strict proof thereof.

12. The Defendant states that it lacks sufficient knowledge to form an opinion as to the allegations of Paragraph 12 and thus denies the same and demands strict proof thereof.

13. Admitted upon information and belief.

14. Admitted.

15. Admitted.

16. Denied as stated.

17. Denied as stated.

18. Admitted.

19. Admitted that Defendant was obligated to comply with contract specifications.

20. Admitted.

21. Admitted that the specified materials were suitable. The Defendant avers that the contract is the best representation as to allowable materials.

22. Admitted. The Defendant avers that the contract itself is the best representation as to disallowed materials.

23. Admitted.

24. Admitted.

25. The Defendant states that it lacks sufficient knowledge to form an opinion as to the allegations of Paragraph 25 and thus denies the same and demands strict proof thereof.

26. Denied as stated.

27. Admitted that progress payments were contemplated by the Contract which were to be accompanied by good faith certifications.

28. Admitted that the claim was submitted, denied that it was false.

29. Denied.

30. The Defendant states that it lacks sufficient knowledge to form an opinion as to the allegations of Paragraph 30 and thus denies the same and demands strict proof thereof.

31. Admitted that the claim was submitted.

32. Denied.

33. The Defendant states that it lacks sufficient knowledge to form an opinion as to the allegations of Paragraph 33 and thus denies the same and demands strict proof thereof.

34. Admitted that the claim was submitted.

35. Denied.

36. The Defendant states that it lacks sufficient knowledge to form an opinion as to the allegations of Paragraph 36 and thus denies the same and demands strict proof thereof.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. The Defendant incorporates the foregoing Responses from paragraph 1 through 41 as though set forth fully herein.

43. The allegations of Paragraph 43 of the Complaint are assertions of law which require no response by this Defendant. To the extent that a response be required, or should the Defendant in any way be prejudiced by lack of specific response, then and in that case the Defendant states that it lacks sufficient knowledge to form an opinion as to the allegations of Paragraph 43 and thus denies the same and demands strict proof thereof.

44. Denied.

45. Denied.

46. The Defendant incorporates the foregoing Responses from paragraph 1 through 45 as though set forth fully herein.

47. The allegations of Paragraph 47 of the Complaint are assertions of law which require no response by this Defendant. To the extent that a response be required, or should the Defendant in any way be prejudiced by lack of specific response, then and in that case the Defendant states that it lacks sufficient knowledge to form an opinion as to the allegations of Paragraph 46 and thus denies the same and demands strict proof thereof.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. The Defendant incorporates the foregoing Responses from paragraph 1 through 51 as though set forth fully herein.

53. Admitted.

54. The allegations of Paragraph 54 of the Complaint are assertions of law which require no response by this Defendant. To the extent that a response be required, or should the Defendant in any way be prejudiced by lack of specific response, then and in that case the Defendant states that it lacks sufficient

knowledge to form an opinion as to the allegations of Paragraph 54 and thus denies the same and demands strict proof thereof.

55. The allegations of Paragraph 55 of the Complaint are assertions of law which require no response by this Defendant. To the extent that a response be required, or should the Defendant in any way be prejudiced by lack of specific response, then and in that case the Defendant states that it lacks sufficient knowledge to form an opinion as to the allegations of Paragraph 55 and thus denies the same and demands strict proof thereof.

56. Denied.

57. Denied.

58. The Defendant incorporates the foregoing Responses from paragraph 1 through 57 as though set forth fully herein.

59. The allegations of Paragraph 59 of the Complaint are assertions of law which require no response by this Defendant. To the extent that a response be required, or should the Defendant in any way be prejudiced by lack of specific response, then and in that case the Defendant states that it lacks sufficient knowledge to form an opinion as to the allegations of Paragraph 59 and thus denies the same and demands strict proof thereof.

60. Denied.

61. The Defendant incorporates the foregoing Responses from paragraph 1 through 60 as though set forth fully herein.

62. The allegations of Paragraph 61 of the Complaint are assertions of law which require no response by this Defendant. To the extent that a response be required, or should the Defendant in any way be prejudiced by lack of specific response, then and in that case the Defendant states that it lacks sufficient knowledge to form an opinion as to the allegations of Paragraph 61 and thus denies the same and demands strict proof thereof.
63. Denied.
64. The Defendant incorporates the foregoing Responses from paragraph 1 through 63 as though set forth fully herein.
65. Denied.
66. Denied.
67. Denied.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays:

A. That all causes of action against it be dismissed, with prejudice; and,
B. That it be awarded the costs associated with its defense of the instant lawsuit; and,
C. That it be awarded its attorney fees arising out of the defense of the instant lawsuit; and,
D. For such other and further relief to which it may prove entitled.

Respectfully submitted,

ASHLEY and ARNOLD

By: /s/ Matthew W. Willis                .
      Matthew W. Willis (TN 24803)

Attorneys for the Defendant

Counsel Address:

322 Church Ave. N.; P.O. Box H
Dyersburg, Tennessee 38025
731.285.5074 Telephone
731.285.5089 Facsimile
matt@ashleyarnold.com

CERTIFICATE OF SERVICE

    I, Matthew W. Willis, attest that a true and correct copy of the foregoing has been served upon counsel for the Plaintiff via service through the electronic filing system implemented and maintained in this jurisdiction.

By: /s/ Matthew W. Willis